UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HALIT KOLJENOVIC and SAFET KOLJENOVIC,

                Plaintiffs,        09-CV-4480(NG)(LB)

    -against-        **NOTICE OF MOTION**

DAVID MARX, FBD REALTY, LLC; 7 MDR    **Oral argument requested.**
OF QUEENS, INC.; 8 MDR OF QUEENS,
INC.; RMDM OF NEW YORK – 87, INC.,

                Defendants.
-----------------------------------------------------------------X

       PLEASE TAKE NOTICE that upon the Affidavit of Eli Deitsch, the Declaration of Richard L. Yellen, the exhibits annexed thereto, the Memorandum of Law and all prior pleadings and proceedings had herein, Defendants will move this Court on a date to be set by the Court at the United States Courthouse, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, for an order pursuant to Fed. R. Civ. P. 56(b) declaring partial summary judgment in favor of Defendants as to the second and third causes of action of Plaintiffs' Second Amended Complaint and Jury Trial Demand.  Oral argument is requested.

       Pursuant to Local Civil Rule 56.1, annexed hereto is a statement of the material facts herein as to which movant contends there are no genuine issues to be tried.

Dated: New York, New York
       December 22, 2011

                                                  /s/
                                     Richard L. Yellen, Esq. (RY 6213)
                                     RICHARD L. YELLEN
                                         & ASSOCIATES, LLP
                                     111 Broadway, Suite 1103
                                     New York, New York 10006

## LOCAL CIVIL RULE 56.1: STATEMENT OF UNDISPUTED FACTS

**Defendants contend there are no genuine issues to be tried regarding the followingmaterial facts:**

1. Halit Koljenovic was employed by 8MDR of Queens, Inc., from December 10, 2003, to October 17, 2008. *See,* Second Amended Complaint, ¶ 2. *See also*, Plaintiff's tax returns.

2. Safet Koljenovic was employed by 8MDR of Queens, Inc., from February 2, 2008, to March 13, 2009. *See,* Second Amended Complaint, ¶ 2. *See also*, Plaintiff's tax returns.

3. 12 NYCRR § 141-3.1 (a) provides a statutory definition of the "building service industry," as follows: "The building service industry includes any person, corporation or establishment engaged in whole or in part in renting, servicing, cleaning, maintaining, selling, or managing buildings or building space, and all occupations, operations and services in connection therewith or incidental thereto. The industry includes, but is not limited to, real estate owners, building owners, operators, lessors, managing agents and independent contractors."

4. At all times that 8MDR of Queens, Inc. employed Halit Koljenovic and Safet Koljenovic, it was engaged in the "building service industry" in accordance with the statutory definition established by 12 NYCRR § 141-3.1 (a). *See*, Complaint ¶ 3. *See also*, Transcript of Deposition of Halit Kojenovic. P. 10 and Transcript of Deposition of Safet Kojenovic. P. 6. *See also*, Affidavit of Elie Deitsch ¶¶ 3, 6.

5. Halit Koljenovic, based on his duties as an employee of 8MDR of Queens, Inc., was by the statutory definition cited above included in the building service industry. *See*.

Transcript of Deposition of Halit Kojenovic. Pp. 11, 31, 32. *See also*, Affidavit of Elie Deitsch ¶ 6.

6. Safet Koljenovic, based on his duties as an employee of 8MDR of Queens, Inc., was by the statutory definition cited above included in the building service industry. *See*. Transcript of Deposition of Safet Kojenovic. Pp. 15, 61. *See also*, Affidavit of Elie Deitsch ¶ 6.

7. Halit Koljenovic, during the time he was employed by 8MDR of Queens, Inc., and the time within the statute of limitations applicable to this action, was provided an apartment, located at 145-18 34th Avenue #2-D, Flushing, New York 11354, as part of his employment compensation. *See*, Complaint ¶ 9.

8. Safet Koljenovic, during the time he was employed by 8MDR of Queens, Inc., and the time within the statute of limitations applicable to this action, was provided an apartment, located at 132-54 Pople Avenue #3-C, Flushing, New York 11355, a two-bedroom duplex, as part of his employment compensation. *See*, Complaint ¶ 9.

9. Halit Koljenovic, during the time he was employed by 8MDR of Queens, Inc., and the time within the statute of limitations applicable to this action, received $400.00 per week net wages (i.e. after payroll deductions), paid by check bi-weekly. *See* Plaintiff's tax returns.

10. Safet Koljenovic, during the time he was employed by 8MDR of Queens, Inc., and the time within the statute of limitations applicable to this action, received $400.00 per week net wages (i.e. after payroll deductions), paid by check bi-weekly. *See* Plaintiff's tax returns.

11. The amounts Halit Koljenovic and Safet Koljenovic were paid for each week of their respective employments by 8 MDR of Queens, Inc., exceed the minimum weekly wage of janitors set forth in 12 NYCRR § 141-2.8.

12. During all times that Halit Koljenovic was employed by 8MDR of Queens, Inc., he was the only resident of the building located at 145-18 34th Avenue Flushing, New York 11354 to receive an apartment in said building as partial compensation for his employment with 8MDR of Queens, Inc. *See*, Affidavit of Elie Deitsch ¶ 7.

13. During all times that Safet Koljenovic was employed by 8MDR of Queens, Inc., he was the only resident of the building located at 132-54 Pople Avenue, Flushing, New York 11355 to receive an apartment in said building as partial compensation for his employment with 8MDR of Queens, Inc. *See*, Affidavit of Elie Deitsch ¶ 9.

14. Halit Koljenovic performed building maintenance on the building located at 145-18 34th Avenue Flushing, New York 11354 in connection with his employment with 8MDR of Queens, Inc. *See*, Affidavit of Elie Deitsch ¶ 6. *See also*, Transcript of Deposition of Halit Koljenovic, P. 11.

15. Safet Koljenovic performed building maintenance on the building located at 132-54 Pople Avenue, Flushing, New York 11355 in connection with his employment with 8MDR of Queens, Inc. *See*, Affidavit of Elie Deitsch ¶ 10. *See also*, Transcript of Deposition of Halit Koljenovic, P. 61.

16. No monies were withheld from Halit Koljenonic's pay due to claims that Halit Kojenovic and/or parties related to him improperly converted rent funds owed to 8MDR of Queens, Inc. *See*, payroll records, annexed to the Declaration of Richard L. Yellen as **Exhibit D**.

RICHARD L. YELLEN(RY 6213)
RICHARD L. YELLEN& ASSOCIATES, LLP
111 Broadway, Suite 1103
New York, New York 10006
Tel. (212) 404-6988/Fax (212) 404-7857
ryellen@yellenlaw.com
Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HALIT KOLJENOVIC and SAFET KOLJENOVIC, | 09 CV 4480 (NG) (LB) MOTION FOR PARTIAL SUMMARY JUDGMENT |
| Plaintiffs, | (Fed. R. Civ. P. 56(b)) |
| - against - | Hearing Date: _____ Hearing Time: _____ |
| DAVID MARX, FBD REALTY, LLC; 7 MDR OF QUEENS, INC.; 8 MDR OF QUEENS, INC.; RMDM OF NEW YORK – 87, INC., | Courtroom No.: _____ |
| Defendants. | |

Relief Sought:

Defendants David Marx, FBD Realty, LLC; 7 MDR of Queens, Inc.; 8 MDR of Queens, Inc.; and RMDM of New York – 87, Inc., through their attorneys Richard L. Yellen & Associates, LLP, move this court for partial summary judgment against Plaintiffs Halit Koljenovic and Safet Koljenovic, as to the Second and Third Causes of Action in their Second Amended Complaint and request that this court render a judgment that Plaintiffs take nothing thereby through this action.

Grounds for Relief:

1.  The Defendants are entitled to summary judgment as to Plaintiffs' Second and Third Causes of Action because, as is more fully shown in the Affidavit of Eli Deitsch, there is no genuine dispute as to any material fact raised in Plaintiffs' pleadings in conjunction therewith that needs to be tried herein, and, as is amply demonstrated particularly by the decisions of Eastern District New York courts set forth in the Memorandum of Law annexed hereto, Defendants are entitled to judgment as a matter of law.

2.  This is an action built around, first, Plaintiffs' unsupported allegations that Plaintiffs, when in the employ of Defendants, were required to work more than forty hours per week, entitling them, pursuant to Federal (First Cause of Action) and New York State (Second Cause of Action) labor statutes, to one and one-half times their regular pay for all hours in excess of forty worked, and that Defendants never paid Plaintiffs such enhanced overtime wages.

    a.  Plaintiffs' duties as live-in building superintendents, as they themselves described such duties in their respective depositions in October 2010, fall squarely within the definition of "janitor in a residential building" included within New York's Minimum Wage Order statutes (12 NYCRR § 141-3.4; Part 141 is devoted to the Building Service Industry).

    b.  12 NYCRR § 141-1.4 specifically exempts "a janitor in a residential building" from entitlement to payment "for overtime at a wage rate of 1½ times the employer's regular rate for hours worked in excess of 40 hours in a workweek."

3.  Second, in their Third Cause of Action Plaintiffs allege that Defendants violated New York Labor Law § 193 and 12 NYCRR § 142-2.10 by "compelling plaintiff Halit

Koljenovic, as a condition of continued employment, to reimburse defendants for alleged cash shortages allegedly resulting from the conduct of other employees."

      a.      Clearly Plaintiff's claims under Part 142 of the NYCRR are inapplicable to the Plaintiff's employment, as only Part 141 applies to the Building Service Industry.

      b.      Moreover, there has not been, nor can there be, any allegation that Defendants deducted sums from Plaintiff's payroll.

      c.      Defendants produced during discovery a complete set of payroll records covering the period contemplated by this suit, and there is no evidence of any such deduction from Plaintiff Halit Koljenovic's wages.

      d.      Elie Deitsch's Affidavit and relevant portions of his deposition testimony credibly set forth the circumstances surrounding Halit Koljenovic's voluntary project to restore money that had been admittedly wrongfully retained earlier by Halit Koljenovic's cousin, whom Halit Koljenovic had recommended for another superintendent's position in the employ of Defendant 8 MDR of Queens, Inc.

      e.      Plaintiffs have produced no evidence of any coerced payments or indeed of any payments by Halit Koljenovic to his employer 8MDR of Queens, Inc.

This motion is based on this document, on the accompanying Statement of Undisputed Facts, on the accompanying Memorandum of Law, on the Affidavit of Eli Deitsch, on the exhibits attached to the Declaration of Richard Yellen, on all of the pleadings and papers on file in this action, and on whatever evidence and argument may be allowed at a hearing on this motion.

Dated: New York, New York
       December 22, 2011

                                                 /s

RichardL. Yellen (RY 6213)
RICHARD L. YELLEN
    & ASSOCIATES, LLP
Attorneys for Defendants
111 Broadway, Suite 1103
New York, New York 10006
Ph (212) 404-6988
Fx (212) 404-7857
ryellen@yellenlaw.com

Dated: New York, New York
December 22, 2011

                                                /s/
                                Richard L. Yellen, Esq. (RY 6213)
                                RICHARD L. YELLEN
                                & ASSOCIATES, LLP
                                111 Broadway, Suite 1103
                                New York, New York 10006