# EXHIBIT A
## Affidavit of Elie Deitsch

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
HALIT KOLJENOVIC and SAFET KOLJENOVIC,

                              Plaintiffs,          09-CV-4480(NG)(LB)

        -against-                          **AFFIDAVIT IN
SUPPORT OF
DEFENDANTS'**
DAVID MARX, FBD REALTY, LLC; 7 MDR         **MOTION FOR**
OF QUEENS, INC.; 8 MDR OF QUEENS,           **PARTIAL SUMMARY**
INC.; RMDM OF NEW YORK – 87, INC.,            **JUDGMENT**

                             Defendants.
--------------------------------------------------------------------X

STATE OF NEW YORK     )
                       : ss.:
COUNTY OF NEW YORK  )

          ELI DEITSCH, being duly sworn, deposes and says:

          1.     I make this affidavit in support of Defendants' motion pursuant to Fed. R.

Civ. P. 56(b) for an order of summary judgment in favor of Defendants as to the Second and

Third Causes of Action in Plaintiffs' Second Amended Complaint.

          2.     I have worked for various entities of which Defendant David E. Marx is

Principal since 2002-3.

          3.     I am currently the Vice-President of Defendant 8MDR of Queens, Inc.,

one of the aforementioned Marx entities and managing agent of properties owned by several

other of those entities; from about 2004 until 2008 I was its Property Manager, and as such have

personal knowledge of the facts and circumstances of this case.

          4.     From my own knowledge, and on the basis of records I have reviewed,

Halit Koljenovic began working for 8MDR of Queens, Inc. (or a predecessor/related entity) in

the mid-1990's, as a live-in "superintendent".

5.     From at least 2003 through 2008, when he was terminated, Halit Kojenovic was employed by 8MDR of Queens, Inc., as a live in "superintendent".

6.     Based on the duties he was assigned I believe the job he held matches the statutory definition of "janitor" found in Title 12 of the New York Codes, Rules and Regulations, Part 141, which applies to the Building Service Industry, Section 141-3.4:  "A janitor is a person employed to render any physical service in connection with the maintenance, care or operation of a residential building. Where there is only one employee, such employee shall be deemed the janitor. Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor. No building may have more than one janitor."

7.     At all times that he was acting as superintendent, Halit Koljenovic was the only employee who lived in each of the buildings where he worked, first at 132-54 Pople Avenue in Flushing, then at 145-18 34th Avenue, also in Flushing.

8.     Halit Koljenovic's duties always included rendering physical service in connection with the maintenance, care or operation of a residential building.

9.     Similarly, in the brief time Safet Koljenovic was in the employ of 8 MDR of Queens, Inc., during the period addressed in Plaintiffs' Second Amended Complaint, he was the only employee residing in the building where he worked, at 132-54 Pople Avenue, Flushing.

10.     Safet Koljenovic's duties always included rendering physical service in connection with the maintenance, care or operation of a residential building.

11.     Safet Koljenovic's actual duties then were fully consistent with those associated with the definition of "janitor" in the New York statute cited above.

12.     8 MDR of Queens, Inc., never made an improper deduction from Halit Koljenovic's paycheck.

13.     Following the admission of the superintendent whom I believed to be Halit Koljenovic's cousin or other close kin that he had wrongfully retained some $15,000 in funds that he had collected on behalf of his employer, also 8 MDR of Queens, Inc., Halit Koljenovic, who had recommended the individual for employment, expressed extreme embarrassment and remorse and offered to recover the funds from the former employee and return them to us.

14.     No one at 8 MDR of Queens, Inc., presumed that the funds remitted were Halit Koljenovic's personal funds.

15.     Upon information and belief Halit Koljenovic never stated to anyone in the office of 8 MDR of Queens, Inc., that he was repaying his colleague's debt from his own pocket, and to my knowledge no one aware of the circumstances received any suggestion that his efforts to rehabilitate his relative's reputation, to the degree possible, and to perhaps restore his own standing in that small group of co-workers were other than voluntary.

_____
Eli Deitsch

Sworn to before me this 18th
of March, 2011

_____
NOTARY PUBLIC

BRENDAN C. KOMSOL
Notary Public, State of New York
No. 02KO6195869
Qualified in New York County
Commission Expires November 03, 2012